Pamela Chapman
c/o 100 Canebreakers Drive, STE: 205
Cocoa, Florida 32927
(321) 636-9949



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Pamela Chapman,
    Plaintiff,

vs.   Case No.: 6:11-CV-1524-ORL-28GJK

Marcadis & Associates, PA,
    Defendant

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MEMORANDUM OF LAW

COMES NOW plaintiff Pamela Chapman and moves this Court to deny Defendant's OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT and states as follows:

1. Plaintiff filed an amended Complaint on January 9, 2012.

2. On January 13, 2012, Plaintiff received Defendant's filed objection to Plaintiff's motion to amend said Complaint, which had been filed on January 10, 2011.

3. Paragraph 1. Plaintiff filed an amended Complaint for the purpose of clarity. Since HCM has been dismissed for this action as a co-defendant, Plaintiff deemed it necessary to amend the Complaint to eliminate confusion in this action.

4. Paragraph 2. The Defendant Marcadis erroneously asserts "The real and significant reason for the Plaintiff seeking to amend the Compliant is to add the Plaintiff's husband as a party."

However, the Court, in its order filed on November 28, 2011, states;

"If Chapman desires to become a party to this case, plaintiff must file an appropriate motion to amend the complaint, which complies with all the provisions of Local Rule 3.01, and attach a copy of the proposed amended complaint to the motion."

The Court also cautioned the Plaintiff that even if Plaintiff's husband is ultimately added as a pro-se party, Plaintiff's husband may not represent Plaintiff's interest in this case.

Plaintiff's husband, Christopher Chapman, does have an undeniable and undisputed interest as it relates to PAMELA J. CHAPMAN (THE ENTITY). SEE FLORIDA SECURED TRANSACTION REGISTRY, FILED on MAY 3, 2002, No. 200201042574.

5.   In paragraph 4, Defendant's attorney is assuming that the consumer was Pamela Chapman, however this case is not about whether Pamela was a consumer or not. This action is solely based on Defendant's actions of sending out a demand letter to the Plaintiff. Pamela and Christopher Chapman challenged the debt and asked for verification, to which, Defendant failed to provide such verification. Additionally, Defendant's attorney erroneously asserts that the verification was sent to Pamela Chapman, but offers no evidence to support such claim. Approximately 10 months later, Defendant files legal proceedings against Plaintiff without notice to Plaintiff.

Further, attorney for Defendant asserts that the "Plaintiff is attempting to add her husband as a party simply by virtue of their marriage." While there may be some truth to that, however that is not the sole reason, *a fortiori*, the Plaintiff's credit, whenever issued, and all other financial business dealings have always been based on Christopher's earnings.

"Real Party in interest. Person who will be entitled to benefits of action if successful, that is, the one who is actually and substantially interested in subject matter as distinguished from on who has only a nominal, formal, or technical interest in or connection with it. (cite omitted)

Under the traditional test, a party is a "real party interest" if it has the legal right under the applicable substantive law to enforce the claim in question. (cite omitted) Real party in interest within rule that every civil action in federal courts must be prosecuted in name of real party in interest is the one, who, under applicable substantive law, has legal right to bring suit, (cite omitted)." *Black's Law Dictionary*, 6th Ed., p. 1264 (1991).

"The concept of real party in interest should not be confused with the concept of standing. The standing question arises in the realm of public law, when governmental action is attacked on the ground that it violates private rights or some constitutional principle.... Unfortunately, ... confusion between standing on the one hand and real party in interest or capacity on the other has been increasing." Charles Alan Wright, The Law of Federal Courts § 70, at 490 & n.2 (5th ed. 1994). *Black's Law Dictionary*, 8th Ed., pp. 3549 – 3550 (2004).

"The person to be benefited by, or entitled to receive the benefits of, the suit. More precisely, that person who can discharge the claim upon which suit is brought and control the action brought to enforce it, usually but not necessarily the person beneficially interested in the cause of action.
For the purpose of *res judicata* the courts will look beyond the nominal party whose name appears formally upon the record and will treated as a real party him whose interests are involved in the litigation." *Ballentine's Law Dictionary*, 3rd Ed., p. 1059 (1969).

When debt a collector obtains a judgment, a form titled "<u>FACT INFORMATION SHEET (INDIVIDUAL)</u>" is sent to the judgment debtor to fill out. On that form, the judgment debtor is to provide financial information, but also ask for the spouse's financial information as well, i.e., Social Security Number, employer, average pay and other things. This Fact Information Sheet thereby gives evidence that Plaintiff's husband, Christopher Chapman, has an inseparable and significant financial interest in the credit account of Plaintiff (his wife), and will be adversely damaged by any negative decision entered against Plaintiff.

Congress acknowledges the fact that debt collectors have a tremendously negative effect on the people of this country. Pursuant to the Fair Debt Collection Practices Act, Congress made this point clear by stating as follows:

"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal <u>bankruptcies</u>, to <u>marital instability</u>, to the loss of jobs, and to <u>invasions of individual privacy</u>." (emphasis mine)

Congress recognized the importance to control the abusive and deceptive business practices of debt collectors, and made such remedies available to the people.

WHEREFORE, Plaintiff moves this Court to grant Plaintiff's Motion to Amend Complaint.

January 23, 2012

Pamela Chapman
c/o 100 Canebreakers Drive, STE: 205
Cocoa, Florida 32927
(321) 636-9949

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was sent to the following by U.S. Postal mail January 25, 2012

Amy J. Winarsky
Marcadis & Associates, PA
5104 S Westshore Blvd
Tampa, FL 33611-5650

Pamela Chapman
100 Canebreakers Drive STE: 205
Cocoa, Florida
(321) 636-9949